MARY E. SAWYER *vs.* SARAH LUFKIN.

*Limitations—statute of—mutual account.*

In order that an item of credit in an open and mutual account current may take the account out of the operation of the statute of limitations, it must appear that the credit was authorized by the defendant himself, or some one legally competent to act for him.

ON REPORT.

ASSUMPSIT on an account annexed for "labor in taking care" of the defendant "144 weeks, to March, 1859, at $1.50 per week."

The credit side of the account consisted of items of cash, from $4 to $20 each, commencing July, 1856, and purporting to have been received from Valentine Lufkin and Mark Lufkin. The last item was a credit of $40 cash, dated January, 1860, and was paid by Mark Lufkin.

The writ was dated Dec. 18, 1865. Plea, general issue, and statute of limitations, by Thomas S. Fuller as guardian.

On the part of the plaintiff, it appeared that the defendant, being hopelessly insane and incapable of taking care of herself, the plaintiff, in May, 1856, at the request of Mark Lufkin (then about eighteen years of age, and son of the defendant), went to the de-

fendant's house, and nursed and took care of her during the time mentioned in the account; that the family consisted of the defendant and her two minor sons, who were absent most of the time; that the plaintiff found defendant in a filthy condition as to clothing; that the defendant required constant care, being violent at times; that the guardian came to the defendant's house but two or three times during the time the plaintiff was there, and exercised no control and furnished nothing.

On the part of the defendant, it appeared that Thomas S. Fuller was duly appointed and qualified as guardian of the defendant in July, 1855; that soon afterwards he took her to the insane hospital at Augusta, where she remained about one year; that her children desiring to take care of her at home, she was removed home, where then the defendant had a daughter and two sons; that the guardian agreed with the sons that if they would maintain their mother, and keep an account of all payments, when they had paid what the place was worth, they should have it; that the guardian never employed the plaintiff, and that she never mentioned the subject of wages to the guardian.

The whole property was valued at $900.

The full court to enter judgment by nonsuit or default.

*Wiswell*, for the plaintiff.

*C. J. Abbott*, for the defendant.


WALTON, J. Part-payment, in order to take a debt out of the operation of the statute of limitations, must be made by the debtor himself, or some one legally authorized to act for him. Payment by a stranger will have no such effect.

The same is true of an item of credit in an open and mutual account current. If the only item in the account, within six years of the date of the writ, is a credit of cash, and this item is relied upon to take the account out of the operation of the statute of limitations, it must be made to appear that the credit was authorized by the defendant himself, or some one legally competent to act for him; otherwise, the account will be barred.

Sawyer *v.* Lufkin.

In this case, the plaintiff seeks to recover a balance which she says is due her for labor in taking care of the defendant, who is, and for many years has been, hopelessly insane. The grounds of defense are, first, that the labor was not performed on the credit of the defendant, but on the credit of her two sons, who, by an arrangement with her guardian, had agreed to maintain her; secondly, that the plaintiff has been paid all that her services were reasonably worth; thirdly, the statute of limitations.

It is unnecessary to consider the first two grounds of defense; for very clearly the plaintiff's cause of action, if she ever had one against the defendant, is barred by the statute of limitations.

The labor sued for was all performed more than six years prior to the commencement of the suit; and the cash payment of forty · dollars, credited within the six years, which is relied upon to avoid the statute bar, was not made by the defendant nor her guardian, nor with their knowledge or consent, nor by any one legally competent to bind her. It was made by one of her sons, probably in pursuance of the arrangement made by him and his brother with the guardian, and on his own account, and out of his own money. Such a payment is not sufficient to remove the statute bar. To have that effect, the payment should have been made by the defendant herself, or by some one legally authorized to act for her. Not having been so made, it can have no effect upon her rights.

This is the second time this case has been before the law court; but nothing was decided when it was first before the law court, except that an insane person, under guardianship, although thereby rendered incompetent to make an express contract, might, nevertheless, be liable for necessaries upon an implied promise. Whether or not the claim sued was barred by the statute of limitations (if the question was then properly before the court), was not considered, and nothing was decided respecting it. See 56 Maine, 308. *Judgment for defendant.*

APPLETON, C. J.; CUTTING, DICKERSON, DANFORTH, and TAPLEY, JJ., concurred.